IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROSS LOGAN,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, L.P.; JOHNSON MARK, LLC,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER ON MOTION TO STRIKE; MOTION TO DISMISS FOR INSUFFICIENT PROCESS AND SERVICE OF PROCESS AND MOTION TO SET ASIDE DEFAULT CERTIFICATE; MOTION TO SET ASIDE DEFAULT AND MOTION TO DISMISS ACTION DUE TO DEFECTIVE SUMMONS; MOTION FOR DEFAULT JUDGMENT**<br><br>No. 2:25-cv-00848-AMA-JCB<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Jared C. Bennett |

Before the Court are the following Motions:

(1) Defendant Johnson Mark, LLC's Motion to Strike;[1]

(2) Defendant Johnson Mark, LLC's Motion to Dismiss for Insufficient Process and Service of Process and Motion to Set Aside Default Certificate;[2]

(3) Defendants LVNV Funding, LLC and Resurgent Capital Services, L.P.'s Motion to Set Aside Default and Motion to Dismiss Action due to Defective Summons;[3] and

---

[1] ECF No. 24, filed October 31, 2025.

[2] ECF No. 18, filed October 30, 2025.

[3] ECF No. 23, filed October 31, 2025.

(4) Plaintiff's Motion for Default Judgment.[4]

For the reasons below, the Court will deny without prejudice the Motion to Strike. The Court will set aside the default as to all Defendants and will quash service on all Defendants. Consequently, the Court will deny as moot the Motion for Default Judgment.

## BACKGROUND

Plaintiff Ross Logan initiated this action against LVNV Funding, LLC; Resurgent Capital Services, L.P.; and Johnson Mark, LLC ("Defendants") on September 24, 2025.[5] On October 23, 2025, Plaintiff moved for entry of default, seeking the Clerk of Court to enter a default certificate against all Defendants for their failure to respond or otherwise defend against Plaintiff's claims.[6] Plaintiff's returns of service indicated that a third-party process server had personally served a summons and cover letter upon the registered agents and authorized employees for each of the Defendants on September 29, 2025.[7] However, because it was unclear from these returns of service whether a complaint had also been served upon the Defendants, the Clerk of Court denied entry of default.[8]

On October 29, 2025, Plaintiff filed a Motion to Reconsider Entry of Default and provided proofs of service affidavits executed by the third-party process server stating that a summons, cover letter, complaint, and notice of filing exhibits had been served on the registered

---

[4] ECF No. 28, filed November 3, 2025; *see also* ECF Nos. 29–31.

[5] ECF No. 1.

[6] ECF No. 12.

[7] ECF Nos. 9–11.

[8] ECF No. 13.

agents and authorized employees of Defendants respectively.[9] With this information, the Court granted Plaintiff's motion in relevant part and directed the Clerk of Court to enter a default certificate.[10] The Clerk of Court then entered the default certificate.[11]

Defendant Johnson Mark, LLC promptly appeared and filed its Motion to Dismiss and Motion to Set Aside Default on October 30, 2025, asking the Court to set aside the default certificate and dismiss the action for insufficient process and insufficient service of process.[12] Plaintiff filed his Opposition on the same day.[13] Defendant Johnson Mark, LLC filed its Reply on October 31, 2025.[14]

Then, also on October 31, 2025, Defendants LVNV Funding, LLC and Resurgent Capital Services, L.P. appeared and filed their Motion to Set Aside Default and Motion to Dismiss Action due to Defective Summons.[15]

That same day, Defendant Johnson Mark, LLC filed a Motion to Strike Plaintiff's Opposition.[16] Plaintiff filed his Revised Memorandum in Opposition to Motion to Dismiss and

---

[9] ECF No. 14, Ex. 1.

[10] ECF No. 15, filed October 30, 2025.

[11] ECF No. 16, filed October 30, 2025.

[12] ECF No. 18; *see also* ECF No. 19.

[13] ECF No. 20; *see also* ECF No. 27.

[14] ECF No. 21.

[15] ECF No. 23. Because Plaintiff admits in his Opposition to Defendant Johnson Mark, LLC's Motion to Dismiss and Motion to Set Aside Default that all Defendants were served defective summons, those Motions, which are fully briefed, establish that default must be set aside as to all Defendants and that service should be quashed as to all Defendants. Thus, Defendants LVNV Funding, LLC and Resurgent Capital Services, L.P.'s subsequent request for the same relief is moot, and the Court does not need further briefing on these Motions.

[16] ECF No. 24.

Response to Motion to Strike on November 1, 2025.[17]

On November 3, 2025, Plaintiff filed his Motion for Default Judgment.[18]

## DISCUSSION

Defendants ask the Court to set aside the default certificate entered October 30, 2025. Defendants also ask the Court to dismiss the action for insufficient process and insufficient service of process or, as Defendant Johnson Mark, LLC asks in the alternative, to require Plaintiff to effectuate proper service in strict compliance with Rule 4. Defendant Johnson Mark, LLC has also moved to strike Plaintiff's Opposition, and Plaintiff has moved for default judgment. The Court will address the issue of striking Plaintiff's Opposition before turning to the parties' other requests.

A.     MOTION TO STRIKE

Defendant Johnson Mark, LLC asks the Court to exercise its discretion under Federal Rule of Civil Procedure 12(f) to strike Plaintiff's Opposition, which Defendant alleges was generated by artificial intelligence ("AI"). Rule 12(f) allows the Court to strike certain matters from pleadings,[19] but Plaintiff's Opposition is not a pleading,[20] and "there is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda[.]"[21] Based upon

---

[17] ECF No. 27. While the time for filing a reply has not yet expired, the Court determines, as reply briefs are optional, that it need not wait for a reply brief before ruling on this Motion.

[18] ECF No. 28; *see also* ECF Nos. 29–31. Because the Court sets aside default as to all Defendants and quashes service upon all Defendants, this Motion is moot, and the Court does not need further briefing.

[19] Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

[20] *See* Fed. R. Civ. P. 7(a).

[21] *Searcy v. Soc. Sec. Admin.*, 956 F.2d 278, at *2 (10th Cir. 1992) (unpublished table decision).

this lack of authority, the Court denies Defendant Johnson Mark, LLC's request, but the Court does so without prejudice in the event that Defendant can point to another theory under which striking Plaintiff's Opposition would be authorized.

The Court, however, does wish to make clear that the Court has serious concerns about the allegations that Plaintiff's Opposition contains AI-hallucinated case quotations and warns Plaintiff to refrain from any improper use of AI in the course of this litigation. To the extent that sanctions may be appropriate for this conduct, the issue can be handled on the Rule 11 motion for sanctions that Defendant Johnson Mark, LLC represented it served upon Plaintiff,[22] provided that Defendant moves forward with that motion in the future.

B.  MOTIONS TO SET ASIDE DEFAULT CERTIFICATE AND MOTION FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." This "good cause" requirement is less exacting than what is required to set aside a default judgment.[23] Courts may consider the following factors when determining whether to set aside an entry of default: "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[24] "The [C]ourt is not

---

[22] ECF No. 25.

[23] *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) ("[I]t is well established that the good cause required by Fed R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b).").

[24] *Hunt v. Ford Motor Co.*, 65 F.3d 178, at * 3 (10th Cir. 1995) (unpublished table decision).

required to consider each of these factors, nor is it limited only to these factors."[25] "Underlying the [C]ourt's analysis is the recognition that '[d]efault judgments are disfavored by courts.'"[26]

 Here, Defendant Johnson Mark, LLC has shown that it was served with a summons that did not bear the Court's seal nor the Clerk's signature as required by Rule 4(a)(1)(F)–(G) and Rule 4(b) of the Federal Rules of Civil Procedure.[27] Plaintiff admits that, while he obtained signed and sealed summonses from the Court on September 25, 2025,[28] the process server received unsigned copies of these summonses.[29] As such, the summonses the Defendants received were unsigned, unsealed, and consequently defective. Defects in a summons "are not mere technical defects in service that can be amended, but rather are defects that render service void."[30] "Such a shortcoming deprives this Court of personal jurisdiction over the Defendants."[31] As the defects in the summonses render Plaintiff's attempts at service void, Defendants have not been served in this action as required under Federal Rule of Civil Procedure 4, and the Court presently lacks personal jurisdiction over Defendants. While Defendants may have had other notice of this action, their obligation to respond is triggered only by effective service.[32]

---

[25] *Arbor Wood Prods., Inc. v. Pillar Mach., LLC*, No. 2:18-cv-875, 2019 WL 1099711, at *1 (D. Utah Mar. 8, 2019).

[26] *Id.* (quoting *Polaski v. Colo. Dep't of Transp.*, 198 F. App'x 684, 685 (10th Cir. 2006) (unpublished)).

[27] ECF No. 19, Ex. A.

[28] *See* ECF No. 20, Ex. A.

[29] ECF No. 20 at 2.

[30] *Cloyd v. Arthur Anderson & Co.*, 151 F.R.D. 407, 409 (D. Utah 1993).

[31] *Mighty Siren, LLC v. Bates*, No. CIV-21-788-R, 2021 WL 5040305, at *1 (W.D. Okla. Oct. 29, 2021).

[32] *See* Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer: within 21 days after

Thus, setting aside the default certificate as to all Defendants is necessary. Because Defendants were not effectively served, the default was not the result of their culpable conduct, and Defendants have the meritorious defense that process—and thereby service—was insufficient. Moreover, Plaintiff will not be prejudiced by the Court setting aside the default, as it has been revealed that Plaintiff was not in fact entitled to the default. Plaintiff also still has opportunity to properly serve the Defendants, which will be discussed in greater detail below. The Court therefore grants Defendant Johnson Mark, LLC's Motion to Set Aside Default and sets aside the entry of default as to all Defendants as good cause for doing so has been established. Consequently, the Court denies as moot Defendants LVNV Funding, LLC and Resurgent Capital Services, L.P.'s subsequent request for the same relief. Plaintiff's Motion for Default Judgment is also denied as moot.[33]

C.     MOTIONS TO DISMISS

Under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), a "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4."[34] "A Rule 12(b)(4) motion constitutes an objection to the form of process or the content of the summons rather than the method of its delivery."[35] "A Rule

---

being *served* with the summons and complaint. . ." (emphasis added)).

[33] *See Borys v. Ballard*, Case No. 2:24-cv-00794-RJS-JCB, 2025 WL 2814764 (D. Utah Oct. 1, 2025) (denying as moot motion for default judgment when the court set aside the entry of default).

[34] *Moomey v. Express Messenger Sys., Inc.*, No. 2:21-cv-00575-DAK-JCK, 2021 WL 5772268, at *2 (D. Utah Dec. 6, 2021) (citation omitted).

[35] *Id.* (citation omitted).

12(b)(5) motion . . . challenges the mode or lack of delivery of a summons and complaint."[36] These motions "differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained."[37]

The Court found in the previous section that due to the incurable defects in the summonses Defendants received, Plaintiff's attempt at service in this action is void. Nonetheless, the Court believes that dismissal on this basis is premature at this juncture. Federal Rule of Civil Procedure 4(m) provides that a plaintiff must serve a defendant "within 90 days after the Complaint is filed." Plaintiff filed the instant action on September 24, 2025. 90 days from September 24, 2025, is December 23, 2025, which is several weeks away. Plaintiff thus still has time under the procedural rules to effectuate service upon the Defendants. Accordingly, the Court concludes that the proper remedy at present is to quash the service upon all Defendants and to give Plaintiff opportunity to effectuate service in compliance with Rule 4.[38] Defendants' Motions to Dismiss are therefore denied as moot.[39] Defendants may, if appropriate, file motions to dismiss addressing any grounds for dismissal, which may include service and process issues, at a later time.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

---

[36] *Id.* (alteration in original) (citation omitted).

[37] *Id.* (citation omitted).

[38] *See Mighty Siren, LLC*, 2021 WL 5040305, at *1 (quashing service, denying as moot motion to dismiss, and directing the plaintiff to properly effect service when summons bore neither the Clerk's signature nor the Court's seal).

[39] *Id.*

1. Defendant Johnson Mark, LLC's Motion to Strike Opposition (ECF No. 24) is DENIED WITHOUT PREJUDICE.

2. Defendant Johnson Mark, LLC's Motion to Set Aside Default and Motion to Dismiss (ECF No. 18) is GRANTED IN PART AND DENIED AS MOOT IN PART. The Entry of Default (ECF No. 16) is SET ASIDE as to ALL DEFENDANTS. The service of any summons and/or complaint on all Defendants is QUASHED. Before the case proceeds, Plaintiff shall effectuate service upon all Defendants in compliance with Fed. R. Civ. P. 4.

3. Defendants LVNV Funding, LLC and Resurgent Capital Services, L.P.'s Motion to Set Aside Default and to Dismiss (ECF No. 23) is DENIED AS MOOT.

4. Plaintiff's Motion for Default Judgment (ECF No. 28) is DENIED AS MOOT.

DATED this 5th day of November, 2025.

ANN MARIE MCIFF ALLEN
United States District Judge