Christopher J. Rogers, No. 10104
JOHNSON MARK, LLC
4548 S. Atherton Drive, Suite 100
Salt Lake City, UT 84123
Phone: 801-285-5725
Email: crogers@jmlaw.com
*Attorney for Defendant Johnson Mark, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROSS LOGAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, L.P., JOHNSON MARK, LLC,<br><br>                    Defendants. | **DEFENDANT JOHNSON MARK, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Case No. 2:25-cv-00848-AMA-JCB<br><br>Judge Ann Marie McIff Allen |

Defendant JOHNSON MARK, LLC ("Defendant" or "Johnson Mark"), by and through its counsel, hereby submits Defendant Johnson Mark, LLC's Answer to the First Amended Complaint ("Complaint") filed by Plaintiff Ross Logan as follows:

## I.     RESPONSE TO THE ALLEGATIONS[1]

Johnson Mark responds to the paragraphs of the Complaint pursuant to Rule 8 of the Federal Rules of Civil Procedure:

---

[1] Johnson Mark repeats the headings in the First Amended Complaint for organization purposes only, but the headings should be considered denied.

## INTRODUCTION

1.      Johnson Mark admits that this action arises from a debt collection matter filed in Utah and denies the remaining allegations in the first paragraph of the Introduction, including those characterizing the Defendants' conduct as "systematic manipulation" or "coordinated schemes."

2.      Johnson Mark admits that Plaintiff does not challenge the merits of any underlying debt but denies the remaining allegations, including that Defendants abused process or violated federal and state law.

3.      Johnson Mark denies that Plaintiff is entitled to any damages or relief under any law.

4.      Johnson Mark denies any other allegations contained in the Introduction.

## JURISDICTION & VENUE

5.      In response to paragraph 1, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Johnson Mark denies the allegation to the extent they misstate the law.

6.      In response to paragraph 2, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Johnson Mark denies the allegation to the extent they misstate the law.

7.      In response to paragraph 3, Johnson Mark admits that Plaintiff resides in the District of Utah and denies the remaining allegations regarding the propriety of venue.

8.      In response to paragraph 4, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Johnson Mark denies the allegation to the extent they misstate the law.

9.      Johnson Mark denies the allegations in the introductory clause of Paragraph 5.

a.      Johnson Mark is without knowledge or information sufficient to form a belief as to the truth of the allegations in subpart (a) and therefore denies the same.

b.      Johnson Mark is without knowledge or information sufficient to form a belief as to the truth of the allegations in subpart (b) and therefore denies the same.

c.      Johnson Mark admits it initiated and prosecuted litigation on behalf of LVNV Funding, LLC, and denies the remaining allegations in subpart (c).

d-h.   Johnson Mark is without knowledge or information sufficient to form a belief as to the truth of the allegations in subparts (d) through (h) and therefore denies the same.

10.      In response to paragraph 6, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Johnson Mark denies the allegation to the extent they misstate the law.

11.      In response to paragraph 7, these allegations are unintelligible. To the extent a response is required, Johnson Mark denies the allegations in Paragraph 7.

12.     Johnson Mark denies the allegations in Paragraph 8.

13.     Johnson Mark denies the allegations in Paragraph 9.

14.     In response to paragraph 10 and all of its subparts, Johnson Mark denies the allegations.

15.     In response to paragraph 11, Johnson Mark denies the allegations.

### NO CHALLENGE TO STATE JUDGMENTS; SHAM LITIGATION EXCEPTION

16.     In response to paragraph 12, the allegations are unintelligible. To the extent a response is required, Johnson Mark denies the allegations.  Upon information and belief, Plaintiff is attempting to seek reversal of the state court debt collection orders and rulings, specifically its orders concerning arbitration.

### PARTIES

17.     In response to paragraph 13, Johnson Mark is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

18.     In response to paragraph 14, Johnson Mark is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

19.     In response to paragraph 15, Johnson Mark is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the same.

20.    In response to paragraph 16, Johnson Mark admits it is a Utah law firm that filed a debt collection lawsuit on behalf of LVNV Funding, LLC, and denies the remaining allegations.

21.    In response to paragraph 17, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Johnson Mark denies the allegations.

22.    With respect to paragraph 18, Johnson Mark admits it is a "person" engaged in trade or commerce under the UCSPA and that its attorneys prepared, signed, filed, and prosecuted the described lawsuits and certificates. Johnson Mark denies the remaining allegations in the paragraph, including the legal conclusion regarding the nature of its litigation activities under the FDCPA.

## GENERAL DENIAL

23.    Johnson Mark denies any allegation not expressly admitted and specifically reserves the right to all affirmative or other defenses that it may have against Plaintiff.

II.    **RESPONSE TO COUNTS**
**FACTUAL BACKGROUND CASE 1 (Utah Case No. 249105258) – THE UNLICENSED CASE)**

24.    In response to paragraph 19, Johnson Mark denies the allegations.

25.    In response to paragraph 20, Johnson Mark states that the court filings speak for themselves.  Johnson Mark denies any allegations inconsistent with the referenced documents.

26.    In response to paragraph 21, Johnson Mark denies the allegations.

27.    In response to paragraph 22, Johnson Mark states that the referenced documents speak for themselves.  Johnson Mark denies any allegations inconsistent with the referenced documents. As for the remaining allegations, Johnson Mark denies the allegations. Johnson Mark expressly denies any implication of improper or wrongful conduct.

28.    In response to paragraph 23, Johnson Mark admits that Johnson Mark attorneys Sean Morrissey and Sean Umipig filed the debt collection complaint on behalf of LVNV Funding, LLC in Case No. 249105258 in the Fourt Judicial District Court, State of Utah.  Johnson Mark denies any other allegations of paragraph 23.

29.    In response to paragraph 24, Johnson Mark is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

30.    In response to paragraph 25, Johnson Mark admits that the debt originated with Credit One Bank.  Regarding the remaining allegations, Johnson Mark states that the referenced documents speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.

31.    In response to paragraph 26, Johnson Mark denies that any alleged arbitration clause prohibited the collection action from being filed in court.

32.    In response to paragraph 27, Johnson Mark denies the allegations.

33.    In response to paragraph 28, Johnson Mark denies the allegations.

34.    In response to paragraph 29, Johnson Mark denies the allegations.

**FACTUAL BACKGROUND CASE 2 (Utah Case No. 2491005685) – THE LICENSED CASE)**

35.     In response to paragraph 30, Johnson Mark states that the court filings speak for themselves. Defendant denies any allegations inconsistent with the referenced documents.

36.     In response to paragraph 31, Johnson Mark admits that it filed a collection lawsuit on LVNV Funding, LLC's behalf. Johnson Mark states that the court filings speak for themselves. Defendant denies any allegations inconsistent with the referenced documents.

37.     In response to paragraph 32, Johnson Mark states that the referenced documents speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.

38.     In response to paragraph 33, Johnson Mark is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them. Johnson Mark expressly denies any implication of improper or wrongful conduct.

39.     In response to paragraph 34, Johnson Mark admits that the debt originated with Credit One Bank. Regarding the remaining allegations, Johnson Mark states that the referenced documents speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.

40.     In response to paragraph 35, Johnson Mark denies that any alleged arbitration clause prohibited the collection action from being filed in court.

41.     In response to paragraph 36, Johnson Mark states that the court filings speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.

42.     In response to paragraph 37, Johnson Mark states that the court filings speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.

43.     In response to paragraph 38, Johnson Mark states that the referenced documents speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.

44.     In response to paragraph 39, Johnson Mark states that the referenced documents speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.  Johnson Mark denies the remaining allegations.

**PROCEDURAL AMBUSH**

45.     In response to paragraph 40, Johnson Mark states that the court filings speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents. Johnson Mark expressly denies any implication of improper or wrongful conduct.

46.     In response to paragraph 41, Johnson Mark is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.  Johnson Mark expressly denies any implication of improper or wrongful conduct.

47.     In response to paragraph 42, Johnson Mark states that the court docket regarding hearing dates speaks for itself.  Johnson Mark denies the remaining allegations and denies any implication of improper or wrongful conduct.

48.     In response to paragraph 43, Johnson Mark is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them. Johnson Mark expressly denies any implication of improper or wrongful conduct.

49.     In response to paragraph 44, Johnson Mark denies the allegations.

**INJURY AND DAMAGES**

50.     In response to paragraph 45, and each of its subparts, Johnson Mark denies the allegations, denies that Plaintiff is entitled to the relief requested, and denies that Plaintiff is entitled to any relief whatsoever from Johnson Mark.

**COUNT 1 – FDCPA VIOLATIONS**

51.     In response to paragraph 46, Johnson Mark denies the allegations as they pertain to Johnson Mark and denies any liability to Plaintiff.

52.     In response to paragraph 47, Johnson Mark denies the allegations.

53.     In response to paragraph 48, Johnson Mark denies the allegations.

54.     In response to paragraph 49, Johnson Mark denies the allegations.

55.     In response to paragraph 50, Johnson Mark denies the allegations.

56.     In response to paragraph 51, Johnson Mark denies the allegations.

57.     In response to paragraph 52, Johnson Mark denies the allegations.

58.     In response to paragraph 53, Johnson Mark denies the allegations.

59.     In response to paragraph 54, Johnson Mark denies the allegations.

60.     In response to paragraph 55, Johnson Mark denies the allegations.

61.     In response to paragraph 56, Johnson Mark denies the allegations and denies that Plaintiff is entitled to the relief requested and denies that Plaintiff is entitled to any relief whatsoever from Johnson Mark.

**COUNT 2 – DECLARATORY JUDGMENT (ARBITRATION WAIVER)**

62.    In response to paragraph 57, Johnson Mark incorporates its responses to the prior paragraphs as if fully set forth herein.

63.    In response to paragraph 58, Johnson Mark denies the allegations.

64.    In response to paragraph 59, Johnson Mark denies the allegations.

65.    In response to paragraph 60, Johnson Mark denies the allegations and denies that Plaintiff is entitled to the relief requested and denies that Plaintiff is entitled to any relief whatsoever from Johnson Mark.

**COUNT 3 – UTAH UCSPA VIOLATIONS**

66.    In response to paragraph 61, Johnson Mark incorporates its responses to the prior paragraphs as if fully set forth herein.

67.    In response to paragraph 62, Johnson Mark denies the allegations.

68.    In response to paragraph 63, including all subparts, Johnson Mark denies the allegations.

69.    In response to paragraph 64, Johnson Mark denies the allegations.

70.    In response to paragraph 65, Johnson Mark denies the allegations and denies that Plaintiff is entitled to the relief requested and denies that Plaintiff is entitled to any relief whatsoever from Johnson Mark.

**COUNT 4 – ABUSE OF PROCESS**

71.    In response to paragraph 66, Johnson Mark incorporates its responses to the prior paragraphs as if fully set forth herein.

72.     In response to paragraph 67, Johnson Mark states that the court filings speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.

73.     In response to paragraph 68, Johnson Mark denies the allegations.

74.     In response to paragraph 69, Johnson Mark denies the allegations.

75.     In response to paragraph 70, Johnson Mark denies the allegations.

76.     In response to paragraph 71, Johnson Mark denies the allegations.

77.     In response to paragraph 72, including all subparts, Johnson Mark denies the allegations.

78.     In response to paragraph 73, Johnson Mark denies the allegations.

79.     In response to paragraph 74, Johnson Mark denies the allegations and denies that Plaintiff is entitled to the relief requested and denies that Plaintiff is entitled to any relief whatsoever from Johnson Mark.

**COUNT 5 – NEVADA DTPA / COLLECTION VIOLATIONS**

80.     In response to paragraph 75, Johnson Mark incorporates its responses to the prior paragraphs as if fully set forth herein.

81.     In response to paragraph 76, Johnson Mark states that the referenced documents speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.

82.     In response to paragraph 77, Johnson Mark states that the referenced documents speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.  As for the remaining allegations, the allegations consist of legal

conclusions to which no response is required. To the extent a response is required, Johnson Mark denies the allegations to the extent they misstate the law.

83.    In response to paragraph 78, Johnson Mark denies the allegations.

84.    In response to paragraph 79, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Johnson Mark denies the allegations to the extent they misstate the law. Johnson Mark further denies any implication of wrongful conduct.

85.    In response to paragraph 80, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Johnson Mark denies the allegations to the extent they misstate the law. Johnson Mark further denies any implication of wrongful conduct.

86.    In response to paragraph 81, Johnson Mark states that the referenced documents speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents. As for the remaining allegations, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Johnson Mark denies the allegations to the extent they misstate the law.

87.    In response to paragraph 82, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Johnson Mark denies the allegations to the extent they misstate the law. Johnson Mark further denies any implication of wrongful conduct

88.    In response to paragraph 83, Johnson Mark denies that Plaintiff is entitled to any damages, relief, or attorney's fees. Johnson Mark denies the remaining allegations.

**COUNT 6 – DECLARATORY RELIEF (EXISTENCE/ASSENT TO ARBITRATION AGREEMENT)**

89.     In response to paragraph 84, Johnson Mark incorporates its responses to the prior paragraphs as if fully set forth herein.

90.     In response to paragraph 85, Johnson Mark states that the allegation is unintelligible as Plaintiff is the party who sought arbitration.

91.     In response to paragraph 86, Johnson Mark states that the allegation is unintelligible. To the extent a response is required, Johnson Mark denies any implication of wrongdoing.

92.     In response to paragraph 87, Johnson Mark states that the allegation is unintelligible as Plaintiff is the party who sought arbitration. To the extent a response is required, Johnson Mark denies any implication of wrongdoing and further denies that Plaintiff is entitled to any relief or damages.

**COUNT 7 – VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (18 U.S.C. § 1962(c))**

93.     In response to paragraph 88, Johnson Mark incorporates its responses to the prior paragraphs as if fully set forth herein.

94.     In response to paragraph 89, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Johnson Mark denies the allegations to the extent they misstate the law.

95.     In response to paragraph 90, these allegations consist of legal conclusions to which no response is required. To the extent a response is required, Johnson Mark is without sufficient knowledge or information to form a belief as to the truth of these

allegations, and on that basis, denies them. As a further response, Johnson Mark denies the allegations to the extent they misstate the law.

96.    In response to paragraph 91, Johnson Mark denies the allegations.

97.    In response to paragraph 92, the allegations are unintelligible. To the extent a response is required, Johnson Mark denies any implication of wrongful conduct in violation of any law.

98.    In response to paragraph 93, Johnson Mark denies the allegations.

99.    In response to paragraph 94, the allegations are unintelligible. To the extent a response is required, Johnson Mark denies any implication of wrongful conduct in violation of any law. As a further response, Johnson Mark states that the referenced documents speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.

100.    In response to paragraph 95, Defendant denies the allegations.

101.    In response to paragraph 96, Johnson Mark denies the allegations.

102.    In response to paragraph 97, Johnson Mark denies the allegations.

103.    In response to paragraph 98, the allegations are unintelligible. To the extent a response is required, Johnson Mark denies any implication of wrongful conduct in violation of any law.

104.    In response to paragraph 99, Johnson Mark denies the allegations.

105.    In response to paragraph 100, Johnson Mark denies the allegations.

106.    In response to paragraph 101, Johnson Mark denies the allegations.

107.    In response to paragraph 102, Johnson Mark denies the allegations.

108.    In response to paragraph 103, Johnson Mark denies the allegations.

109.    In response to paragraph 104, the allegations are unintelligible.  To the extent a response is required, Johnson Mark denies any implication of wrongful conduct in violation of any law. Johnson Mark states that the court filings speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.

110.    In response to paragraph 105, Johnson Mark denies the allegations.

111.    In response to paragraph 106, Johnson Mark denies the allegations.

112.    In response to paragraph 107, Johnson Mark denies the allegations.

113.    In response to paragraph 108, Johnson Mark states that the court filings speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents. Johnson Mark denies any implication of wrongful conduct in violation of any law.

114.    In response to paragraph 109, Johnson Mark, is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

115.    In response to paragraph 110, Johnson Mark denies the allegations.

116.    In response to paragraph 111, Johnson Mark denies the allegations.

117.    In response to paragraph 112, Johnson Mark states that the court filings speak for themselves. Defendant denies any allegations inconsistent with the referenced documents. Johnson Mark denies any implication of wrongful conduct in violation of any law.

118.    In response to paragraph 113, Johnson Mark, is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

119.    In response to paragraph 114, Johnson Mark denies the allegations.

120.    In response to paragraph 115, Johnson Mark denies the allegations.

121.    In response to paragraph 116, Johnson Mark states that the court filings speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.

122.    In response to paragraph 117, Johnson Mark, is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

123.    In response to paragraph 118, Johnson Mark denies the allegations.

124.    In response to paragraph 119, Johnson Mark denies the allegations.

125.    In response to paragraph 120, Johnson Mark states that the arbitration filings speak for themselves. Johnson Mark denies any allegations inconsistent with the referenced documents.  Johnson Mark denies the remaining allegations.

126.    In response to paragraph 121, Johnson Mark, is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

127.    In response to paragraph 122, Johnson Mark denies the allegations.

128.    In response to paragraph 123, Johnson Mark denies the allegations.

129.    In response to paragraph 124, Johnson Mark states that the documents speak for themselves.  Johnson Mark denies any allegations inconsistent with the referenced documents.

130.     In response to paragraph 125, Johnson Mark, is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

131.     In response to paragraph 126, the allegations are unintelligible.  To the extent a response is required, Johnson Mark denies any implication of wrongful conduct in violation of any law and denies any allegations of fraud.

132.     In response to paragraph 127, Johnson Mark denies the allegations.

133.     In response to paragraph 128, Johnson Mark states that the documents speak for themselves.  Johnson Mark denies any allegations inconsistent with the referenced documents.  As a further response, Johnson Mark denies the allegations.

134.     In response to paragraph 129, Johnson Mark is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

135.     In response to paragraph 130, and each of its subparts, Johnson Mark denies the allegations.

136.     In response to paragraph 131, Johnson Mark denies the allegations.

137.     In response to paragraph 132, Johnson Mark states that the documents speak for themselves.  Johnson Mark denies any allegations inconsistent with the referenced documents.  As a further response, Johnson Mark denies the allegations.

138.     In response to paragraph 133, Johnson Mark is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

139.     In response to paragraph 134, Johnson Mark denies the allegations.

140.    In response to paragraph 135, Johnson Mark denies the allegations.

141.    In response to paragraph 136, Johnson Mark denies the allegations.

142.    In response to paragraph 137, Johnson Mark denies the allegations.

143.    In response to paragraph 138, Johnson Mark denies the allegations.

144.    In response to paragraph 139, Johnson Mark denies the allegations.

145.    In response to paragraph 140, including all subparts, Johnson Mark denies the allegations.

146.    In response to paragraph 141, Johnson Mark denies the allegations.

147.    In response to paragraph 142, Johnson Mark denies the allegations.

148.    In response to paragraph 143, Johnson Mark denies the allegations.

149.    In response to paragraph 144, and each of its subparts, Johnson Mark denies the allegations, denies that Plaintiff is entitled to the relief requested, and denies that Plaintiff is entitled to any relief whatsoever from Johnson Mark.

150.    In response to paragraph 145, Johnson Mark denies the allegations.

151.    In response to paragraph 146, Johnson Mark denies the allegations.

152.    In response to paragraph 147, Johnson Mark denies the allegations.

153.    In response to paragraph 148, and each of its subparts, Johnson Mark denies the allegations, denies that Plaintiff is entitled to the relief requested, and denies that Plaintiff is entitled to any relief whatsoever from Johnson Mark.

154.    In response to paragraph 149, Johnson Mark denies the allegations.

155.    In response to paragraph 150, Johnson Mark denies the allegations and denies that this action is appropriate for class treatment.

156.    In response to paragraph 151, Johnson Mark denies the allegations and denies that this action is appropriate for class treatment.

157.    In response to paragraph 152, Johnson Mark denies the allegations.

158.    In response to paragraph 153, and each of its subparts, Johnson Mark denies the allegations, denies that Plaintiff is entitled to the relief requested, and denies that Plaintiff is entitled to any relief whatsoever from Johnson Mark.

**COUNT 8 – RICO CONSPIRACY (18 U.S.C. § 1962(d))**

159.    In response to paragraph 154, Johnson Mark incorporates its responses to the prior paragraphs as if fully set forth herein.

160.    In response to paragraph 155, Johnson Mark denies the allegations.

161.    In response to paragraph 156, Johnson Mark denies the allegations.

162.    In response to paragraph 157, Johnson Mark denies the allegations.

163.    In response to paragraph 158, Johnson Mark denies the allegations.

164.    In response to paragraph 159, and each of its subparts, Johnson Mark denies the allegations, denies that Plaintiff is entitled to the relief requested, and denies that Plaintiff is entitled to any relief whatsoever from Johnson Mark.

**RESERVATION TO AMEND**

165.    In response to paragraph 160, these allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Johnson Mark is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

**PRAYER FOR RELIEF**

166.   In response to the PRAYER FOR RELIEF paragraph, and each of its subparts, Johnson Mark denies the allegations, denies that Plaintiff is entitled to the relief requested, and denies that Plaintiff is entitled to any relief whatsoever from Johnson Mark.

## III.   <u>AFFIRMATIVE DEFENSES</u>

Johnson Mark hereby asserts the following Affirmative Defenses, and reserves the right to assert additional defenses as discovery proceeds:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Neither the Complaint, nor any cause of action contained therein, sets forth facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
### (Rooker-Feldman Doctrine)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, by the doctrine of Rooker-Feldman.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiffs' causes of action, and each of them, are barred, in whole or in part, by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### (Own Actions)

Plaintiffs' claims are barred by Plaintiffs' own actions in failing to act as a reasonable and prudent person in failing to pay the balance of the debts in question. Any damages suffered by the Plaintiffs are the direct and foreseeable result of their actions or inactions and not those of the Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiff has not suffered any actual damages as a result of any act or omission by Johnson Mark.

## NINTH AFFIRMATIVE DEFENSE
### (Litigation Privilege)

The actions complained of in the Plaintiff's Complaint, particularly those related to the filing and prosecution of the underlying state court actions, are protected by the litigation privilege.

## TENTH AFFIRMATIVE DEFENSE
### (No Liability Under FDCPA)

Johnson Mark denies that its actions in the underlying state court litigation constitute a violation of the Fair Debt Collection Practices Act (FDCPA).

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## TWELTFH AFFIRMATIVE DEFENSE
### (Lack of Causation)

Plaintiffs' claims are barred because any damage allegedly sustained by the Plaintiffs was not the direct and proximate result of Defendant's actions.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Defendant asserts that any and all failures to comply with the FDCPA which may have occurred, and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; therefore, under the provisions of the FDCPA, Defendant is not liable to Plaintiffs.

## FOURTHEENTH AFFIRMATIVE DEFENSE
### (Mitigation of Losses)

Defendant is informed and believes and on such information and belief alleges that Plaintiffs or third parties, though under a duty to do so, failed and neglected to use

reasonable care to minimize and mitigate the losses, injuries, and damages of which they complain and therefore cannot recover against Defendant whether as alleged or otherwise.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No Harassment, Oppression, or Abuse)

Defendant did not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt as set forth in the FDCPA.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (No False, Deceptive, or Misleading Representations)

Defendant did not use any false, deceptive, or misleading representation or means in connection with the collection of any debt as set forth in the FDCPA.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Set Off)

Defendant may be entitled to a set-off against any award to Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Unfair or Unconscionable Means)

Defendant did not use unfair or unconscionable means to collect or attempt to collect any debt as set forth in the FDCPA.

### NINETEENTH AFFIRMATIVE DEFENSE
### (No Unfair or Unconscionable Means)

Defendants did not engage in any unconscionable or deceptive act or practice as set forth in the FCRA.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Standing)

Defendant alleges that Plaintiff's Complaint fails as a matter of law due to lack of standing to bring this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Res Judicata)

Defendant alleges that Plaintiff's Complaint fails as a matter of law due to res judicata, claim preclusion, and/or issue preclusion.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Reservation of Rights)

Defendant has or may have additional defenses that cannot be articulated due to Plaintiffs' failure to particularize his claims and due to Plaintiffs' failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendant may have some responsibility. Therefore, Defendant reserves the right to assert additional defenses upon further particularization or clarification of Plaintiff's claims, upon examination of the documents provided, upon discovery of information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

\\

\\

\\

\\

\\

\\

## PRAYER FOR RELIEF

WHEREFORE, Defendant Johnson Mark prays for relief as follows that:

1.  Plaintiffs recover nothing by way of their Complaint;

2.  The Court dismiss the First Amended Complaint with prejudice;

3.  Johnson Mark be awarded all of its costs, including attorneys' fees, incurred herein; and

4.  The Court award such other and further relief as it deems just and equitable.


DATED ___29th___ day of ___NOVEMBER___, 2025

       __/s/Christopher J. Rogers__
Christopher J. Rogers
*Attorney for Defendant Johnson Mark, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the <u>  29th  </u> day of <u>    NOVEMBER   </u>, 2025, a true and correct copy of the above and foregoing was served **via CM/ECF** to the following:

Ross Logan
1174 South 200 East
Orem, Utah 84058
Email: rosswlogan@gmail.com
*Plaintiff Pro Se*

Chase A. Adams (#15080)
STEELE ADAMS HOSMAN PLLC
6713 South 1300 East
Cottonwood Heights, Utah 84121
Telephone: (801) 816-3999
Email: chase@sahlegal.com
*Attorney for Defendants LVNV Funding, LLC and Resurgent Capital Services LP*

<u>  /s/Christopher J. Rogers  </u>